IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY BRANUM, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-CV-281-KEW |
| | ) |
| **ORSCHELN FARM AND HOME, LLC,** | ) |
| | ) |
|        **Defendant.** | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ORSCHELN FARM AND HOME, LLC'S PARTIAL MOTION TO DISMISS**

Plaintiff, Terry Branum, hereby files her Response in Opposition to Defendant Orscheln Farm and Home, LLC's Partial Motion to Dismiss [Dkt. # 6]. In support of her opposition, Plaintiff states as follows:

## INTRODUCTION

The Plaintiff originally commenced this workplace discrimination action in the Okmulgee County District Court on June 13, 2018. Plaintiff alleges she was terminated after reporting theft by her manager. She was also accused of using a racial slur in front of a customer, which is wholly false. On August 24, 2018, the Defendant removed this matter to Federal court and subsequently filed the subject partial motion to dismiss seeking dismissal of Plaintiff's state law claims for violation of the Oklahoma Anti-Discrimination Act (OADA), *Burk* tort, negligence, and intentional infliction of emotional distress.

Despite these well-pleaded facts, Defendant seeks dismissal of Plaintiff's claims for failure to state a claim, specifically as to theories under the OADA, *Burk* tort, negligence, and intentional

infliction of emotional distress. For the reasons discussed herein, the Defendant's motion to dismiss must be denied. The Plaintiff has complied with all requirements to adequately plead the claims under the OADA, *Burk* tort, as well as the claims for negligence and intentional infliction of emotional distress.

## STANDARD OF REVIEW

The Tenth Circuit has held that a court must view all reasonable inferences in favor of the plaintiff and that pleadings must be liberally construed. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008), *Davis v. Olin*, 886 F.Supp. 804, 807-08 (D. Kan. 1995). When faced with a Rule 12(b)(6) motion, the court is not to weigh potential evidence that the parties might present at trial, but rather, assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). In addition:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Brown v. Montoya*, 662 F.3d 1152, 1163. (10th Cir. 2011) (Citations omitted).

The Complaint at issue in this case states facts that support each element of Plaintiff's claims and therefore survives Defendant's Motion to Dismiss. Plaintiff has set forth detailed allegations that fulfill each and every pleading requirement under Rule 8 and as required by the United States Supreme Court and the Tenth Circuit.

## ARGUMENT

**I.     Plaintiff has met Federal Court pleading requirements.**

The bar is very low to state a claim under notice pleading, which only requires enough facts to make the claim plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), 127 S.Ct. 1955, 1974. Plaintiff provided enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), 129 S.Ct. 1937, 1949 (citing *Twombly*). There is no heightened pleading requirement over and above the requirements of Fed. R. Civ. P. 8. See *Leatherman v. Tarant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167-68, 113 S. Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). The Tenth Circuit "has interpreted it [dismissal standard for failure to state a claim] as a middle ground between 'heightened fact pleading,' which is expressly rejected, and complaints that are no more than 'labels and conclusions,'" which courts should not allow." *Green v. Hendick*, 2012 U.S. Dist. LEXIS 54799, 2012 WL 1380351, (N.D. Okla. 2012); citing *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247-48, (10th Cir. 2008). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).

Defendant alleges the Plaintiff's Complaint contains scant factual allegations, which is simply not supported by a simple review of the Complaint. Plaintiff's factual allegations are sufficient to survive the Partial Motion to Dismiss on the claims under the OADA, negligence, *Burk* tort, and intentional infliction of emotional distress. For example:

- Plaintiff pled that she is a member of a protected class because she is over 40 years of age. Pet. ¶ 8.

- Plaintiff pled that while working for Defendant as a cashier, she was routinely recognized by Defendant for her sound judgment and care with regard to Defendant's assets and enforcement of Defendant's policies. Pet. ¶ 9, 10.

- Plaintiff pled the Defendant's store in Okmulgee was plagued by theft and that Plaintiff cautioned store manager Michael Adcock about the legitimacy of store returns. Pet. ¶ 11, 12.

- Plaintiff pled she reported Adcock to Defendant's Loss Prevention Department for theft. Pet. ¶ 13.

- Plaintiff pled Adcock terminated Plaintiff's employment soon after the report and alleged Plaintiff's termination was due to her use of a racial slur when referring to a customer, which was patently false. Pet. ¶ 14, 15.

- Plaintiff pled Defendant was negligent in their hiring, training, supervision of Adcock. Pet. ¶ 13 of Count Three.

- Plaintiff pled the false allegation by Adcock was intentional, reckless, and extreme, and of an outrageous nature that it went beyond all normal bounds of decency that it would be considered atrocious and intolerable in a civilized society. Pet. ¶ 16 of Count Four.

- Plaintiff pled further that the false allegation by Adcock resulted in actual emotional distress. Pet. ¶ 17 of Count Four.

Accepting as true all of the factual allegations of the Complaint and viewing them in the light most favorable to the Plaintiff, the Complaint adequately pleads claims age discrimination under the OADA, retaliation, a *Burk* tort, negligence, and intentional infliction of emotional distress. Defendant's Partial Motion to Dismiss must be denied on that basis.

## II.   Plaintiff's alternate theory of recovery under *Burk* is permissible.

Defendant argues for dismissal of Count Two of Plaintiff's Complaint because Plaintiff also alleges a *Burk* tort. Defendant is correct that the Oklahoma legislature amended the OADA to eliminate the common-law *Burk* tort in employment-discrimination cases effective November 1, 2011. Okla. Stat. tit. 25, § 1350(A) ("A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."). However, Plaintiff is simply alleging an alternate theory for relief in the event the age discrimination claim fails. Alternate theories of recovery should not be barred. Oklahoma law allows plaintiff to plead alternative theories from the outset of the case through trial. See *Rogers v. Meiser*, 68 P.3d 967, 970 n. 5 (Okla. 2003) ("Today, while inconsistent judgments or double recovery are not permissible, inconsistent theories and remedies may be asserted at the pleading stage and, in fact, relied on throughout trial."). More importantly, this case is governed by Fed.R.Civ.P. 8(e)(2) which specifically allows a party to "state as many separate claims or defenses as the party has regardless of consistency...." See *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1541 (11th Cir.1986) ("A party may plead alternative and inconsistent facts and remedies against several parties without being barred by the election of remedies doctrine."). Plaintiff has alleged that she was terminated due to her age in violation of the OADA; or in the alternative, she was retaliated against for reporting Adcock's criminal behavior, which violates *Burk*. Plaintiff is not required, at this stage of the proceedings, to abandon either her OADA claims based on age discrimination or her *Burk* allegation of wrongful termination in violation of public policy against Defendant.

## III.   Plaintiff's claim for intentional infliction of emotional distress has been pleaded sufficiently.

Plaintiff has been accused of using a racial slur. Not only is this a completely false allegation, but Defendant has refused to identify the individual who allegedly heard the slur. Okmulgee is a small community and being accused of using such inappropriate language has had a severe impact on Plaintiff. As a result of this false accusation, Plaintiff lost her job and has suffered emotional distress. Despite Plaintiff re-alleging all of her previous allegations in Count Four of her Complaint, Defendant has alleged adequate facts have not been pled. Plaintiff did plead that Adcock engaged in outrageous conduct when he falsely claimed the Plaintiff used a racial slur about a customer and that behavior was the basis for termination. Pet. ¶ 15. Plaintiff further pled she suffered actual emotional distress as a result of those actions. Pet. ¶ 17. It is very clear that losing your job over a false and scurrilous accusation would cause emotional distress to a person. At this stage, Plaintiff has met her burden to overcome the Motion to Dismiss and therefore Defendant's Motion should be denied.

**IV.    Plaintiff's negligence claim has been pleaded sufficiently.**

Plaintiff has made very clear allegations that Defendant failed to properly hire, train and supervise employees, which supports her claims. Despite the clear allegations, Defendant is attempting to argue it is somehow unaware of what the allegations are. Plaintiff re-alleged her claims in Count Two, which includes the factual allegations that the Defendant's store manager, Adcock, committed theft (Pet. ¶ 13) in addition to fabricating an outrageous allegation of Plaintiff using a racial slur as a basis for her termination. Defendant appears to be attempting to argue that it had no knowledge of the conduct of Mr. Adcock prior to the lawsuit being filed. If true, this only goes to support the argument of Plaintiff that Defendant failed to properly hire, train and supervise its employees. Further, it is not disputed that Plaintiff reported Adcock's improper

behavior to the corporate office of the Defendant, which was immediately prior to her termination. The timing is very suspicious. This is much more than "[t]hreadbare recitals of elements of a cause of action" as prohibited by *Ashcroft v. Iqbal*, 556 U.S. at 678. Plaintiff has sufficiently pleaded facts that render a claim for negligence against Defendant plausible.

**V.       Alternatively, the Plaintiff requests the Court stay ruling on the Partial Motion to Dismiss and allow the Plaintiff leave to amend the Complaint.**

If the Court is contemplating granting Defendant's Motion in whole or in part, the Plaintiff requests an opportunity to cure any pleading defects. Fed. R. Civ. P. 15(a) requires that leave to amend be given freely. Where dismissal is granted for failure to state a claim, the Court should grant leave to amend "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Although Plaintiff believes she has pled sufficient facts to satisfy the requirements under the Federal rules, Plaintiff respectfully requests the ability to re-plead prior to this Court granting any portion of Defendant's Motion to Dismiss.

WHEREFORE, Plaintiff prays the Court deny the Defendant's partial motion to dismiss and award all other remedies the Court deems just and proper.

Respectfully submitted,

**MCDANIEL ACORD, PLLC**

 */s/ Gregg J. Lytle*
Gregg J. Lytle, OBA #20759 (glytle@ok-counsel.com)
Melissa E. Oxford, OBA #30287 (moxford@ok-counsel.com)

        9343 E. 95th Court
        Tulsa, Oklahoma  74133
        Telephone:  (918) 382-9200
        Facsimile:  (918) 382-9282

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I certify that on the 14th day of September, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Kristin M. Simpsen | kristin.simpsen@mcafeetaft.com |
| Elizabeth Bowersox | elizabeth.bowersox@mcafeetaft.com |

**Attorneys for Defendant**


                                   */s/ A. Gregg J. Lytle*_____