## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

TERRY BRANUM,                          )
                                       )
        Plaintiff,            )
                                       )
v.                                     )    Case No. CIV-18-281-KEW
                                       )
ORSCHELN FARM AND HOME, LLC.,          )
                                       )
        Defendant.            )

### OPINION AND ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss (Docket Entry # 6). Plaintiff initiated this action in the District Court of Okmulgee County, Oklahoma on June 19, 2018. The action was removed to this Court on August 24, 2018. The parties consented to the undersigned judge on September 25, 2018.

In the Petition, Plaintiff alleges she is over 40 years of age and was a long-term employee of Defendant's Okmulgee store as a cashier when her employment was terminated on October 13, 2017. (Petition at ¶¶ 8-9, 14). Prior to her termination, Plaintiff alleges she "was routinely recognized by Defendant for her sound judgment and care with regard to Defendant's assets and enforcement of Defendant's policies." (Petition at ¶ 10). She contends that although Defendant's Okmulgee store suffered from past problems with employee theft, when she questioned the store manager about a large refund he issued to another employee, he wrote her up.

(Petition at ¶¶ 11-13). Plaintiff alleges that in compliance with Defendant's policy, she reported the store manager's conduct to the Loss Prevention Department. She asserts that less than thirty days later, her employment was terminated, and the reason given by the store manager for her termination was that she used a racial slur when referring to a store customer. Plaintiff contends that the accusation is "false and defamatory." (Petition at ¶¶ 13-15). She further alleges that following her termination, she was replaced with a younger cashier, who was a romantic interest of the store manager. (Petition – Count One at ¶ 3).

Based on these allegations, Plaintiff asserts several claims against Defendant: (1) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (2) age discrimination and retaliation in violation of the Oklahoma Anti-Discrimination Act ("OADA"), (3) negligence, and (4) intentional infliction of emotional distress.

Through its Partial Motion to Dismiss, Defendant asserts Plaintiff's retaliation claim under the OADA fails to meet the plausibility standard set forth by the United States Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendant also contends Plaintiff is not entitled to punitive damages for any of her claims brought under the OADA. Defendant further asserts that any claim brought by Plaintiff under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla.

2

1989), and Plaintiff's state law tort claims for negligence and intentional infliction of emotional distress are subject to dismissal because the OADA is the exclusive state remedy for Plaintiff's allegations of employment discrimination and retaliation. Alternatively, Defendant contends these claims fail for failure to meet the pleading standards of *Bell Atlantic*.[1]

Clearly, *Bell Atlantic* changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). *Bell Atlantic* stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, quoting *Bell Atlantic*, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic*, 550 U.S. at 546.

---

[1] Defendant does not seek dismissal of Plaintiff's ADEA or OADA discrimination claims.

The Court of Appeals for the Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Bell Atlantic* case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). *Khalik*, 671 F.3d at 1191. Rather, in *Khalik*, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of *Erickson v. Pardus*, 551 U.S. 89 (2007), wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 93.

Defendant first challenges the sufficiency of Plaintiff's retaliation claim under the OADA. It argues Plaintiff fails to state a claim because she does not allege what protected action led to adverse employment action against her. Plaintiff's response to Defendant's argument confounds the issue, even suggesting she is no longer pursing a retaliation claim under the OADA. In one portion of her response, Plaintiff asserts she adequately states "claims [of] age discrimination under the OADA, retaliation, [and]

4

a *Burk* tort[.]" Yet Plaintiff also explains in another portion of her response that she is pleading a *Burk* tort claim, stating "that she was terminated due to her age in violation of the OADA; or in the alternative, she was retaliated against for reporting Adcock's criminal behavior; which violates *Burk*." (Plaintiff's Response at p. 5). Defendant interprets Plaintiff's response as a concession by Plaintiff that she is no longer pursuing a retaliation claim under the OADA.

Count Two of Plaintiff's Petition is entitled, "Violation of Oklahoma's Anti-Discrimination Act Discrimination and Retaliation." (Petition – Count Two at p. 4). Within Count Two, Plaintiff alleges she was discriminated against based on her age in violation of the OADA, and she alleges that "[i]n treating [her] differently than other employees that did not suffer discrimination, and also retaliating against the Plaintiff and terminating her employment, the Defendant did violate the OADA." (Petition – Count Two at ¶¶ 6, 8). She further asserts that "[a]s a direct and proximate result of the Defendant's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24." (Petition – Count Two at ¶ 9).

To the extent Plaintiff intends to pursue a retaliation claim under the OADA, the legal analysis for an OADA retaliation claim

5

is the same as the analysis for an ADEA retaliation claim. *See Wood v. Midwest Performance Pack, Inc.*, 2018 WL 1440980, at *3 (W.D. Okla., Mar. 22, 2018), citing *LeFlore v. Flint Indus., Inc.*, 1999 WL 89281, at *3 n.4 (10th Cir., Feb. 23, 1999); *see also Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015) (noting OADA claim is coextensive with Title VII or ADEA claim). To state a prima facia case of retaliation, a plaintiff must show that "(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008). To qualify as protected opposition, "the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA." *Id*. at 1203.[2]

Having reviewed Count Two of the Petition, the Court finds Plaintiff's allegations of retaliation are conclusory and do not state a plausible claim upon which relief can be granted. *See Khalik*, 671 F.3d at 1193 (determining conclusory allegations in the context of "general assertions of discrimination and

---

[2] Although "the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191, citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

6

retaliation, without any details whatsoever of events . . . are insufficient to survive a motion to dismiss."). Nowhere in the Petition does Plaintiff allege she engaged in protected opposition to age discrimination nor does she identify the protected action taken. Merely reporting to Defendant's Loss Prevention Department about mismanagement of funds by her manager or complaining about her "write up" does not suffice to establish protected opposition. *See Hinds*, 523 F.3d at 1203 ("General complaints about company management and one's own negative performance evaluation will not suffice.").

Defendant also contends Plaintiff cannot recover punitive damages under the OADA. Plaintiff provides no response to Defendant's contention. The Court agrees with Defendant that punitive damages are not authorized under the OADA. The OADA specifically sets out the remedies available to a claimant in Okla. Stat. tit. 25, § 1350(G), and punitive damages are not included as a remedy. The Court therefore finds that Plaintiff cannot recover punitive damages against Defendant on any of her claims brought under the OADA.

Still focusing on Count Two of Plaintiff's Petition, Defendant asserts that to the extent Plaintiff attempts to state a claim under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), the OADA precludes the claim. The Oklahoma Legislature amended the OADA to eliminate the *Burk* tort, effective November 1, 2011. *See*

7

Okla. Stat. tit. 25, § 1350(A) ("A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."); *id*. § 1101(A) (noting the OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information.").

In *Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261 (10th Cir. 2015), the Tenth Circuit addressed a *Burk* tort claim based upon constructive discharge in violation of Title VII and the public policy of Oklahoma. The Tenth Circuit affirmed the district court's decision that "to the extent [the plaintiff's] claim is based on a violation of Oklahoma public policy, such claims are no longer viable[,]" because they are precluded by the OADA. *Id*. at 1269; *see also Cotner v. Ezzell*, 2013 WL 6222979, at *1 (E.D. Okla., Nov. 27, 2013) (dismissing *Burk* claim based upon retaliation and holding "[w]hat was formerly a '*Burk* claim' (of any type) must now be brought pursuant to the OADA."); *Maxey v. Ezzell*, 2013 WL 6850792, at *2 (E.D. Okla., Dec. 30, 2013)(same). Thus, to the extent Plaintiff intends to assert a *Burk* tort claim in Count Two of her Petition, such claim is no longer viable and must be brought under the OADA.

Defendant further seeks dismissal of Plaintiff's state law claims for negligence and intentional infliction of emotional

8

distress on the same basis as a claim under *Burk*, *i.e.*, the claims are precluded under the OADA because it abolished all common law claims based on age discrimination. Plaintiff provides no response to Defendant's argument that her negligence and intentional infliction of emotional distress claims fail to state a claim because the OADA is her exclusive remedy. Plaintiff merely asserts that she has pleaded sufficient facts to state claims for relief.

In support of its argument, Defendant cites *Jones v. Needham*, 856 F.3d 1284 (10th Cir. 2017), wherein the Tenth Circuit affirmed the district court's decision that the plaintiff's claim for tortious interference with a contractual or business relationship fell within the OADA's limitation of common law remedies because it "was based on the same set of facts as his sex discrimination claim[.]" *Id*. at 1292. In reaching its decision, the Tenth Circuit reviewed the plaintiff's amended complaint and determined the only facts supporting the claim for tortious interference alleged by the plaintiff were the facts adopted from the preceding paragraphs, all of which detailed the plaintiff's allegations of sex discrimination. *Id*. Although the court acknowledged "it could be that the same facts simply provide the basis for two different legal theories that are sufficiently distinct so as not to be precluded by the OADA[,]" this type of claim involved factual situations when "the separately-actionable tort [was] 'highly person[al]' in nature." *Id*., citing *Brock v. United States*, 64

F.3d 1421, 1424 (9th Cir. 1995) (tort claim involving rape is a "highly personal violation") and *Cunningham v. Skilled Trade Servs., Inc.*, 2015 WL 6442826, at *5 (W.D. Okla., Oct. 23, 2015) (tort claim involving assault is a "highly personal violation").[3]

In Count Three of the Petition, other than alleging the elements of negligence with respect "to sufficiently and properly hir[ing], train[ing], supervis[ing], monitor[ing], and retain[ing] . . . its employees in such a manner to not threaten or intimidate their fellow employees such as Plaintiff[,]" Plaintiff relies on the allegations common to all her claims and pleaded in support of her age discrimination claim. (Petition – Count Three at ¶¶ 12-15). The exception noted in *Jones* for torts that are "highly person[al] in nature" does not apply to Plaintiff's negligence claim. The Court therefore finds Plaintiff's negligence claim is precluded under the OADA based upon the Tenth Circuit's analysis in *Jones*.[4]

---

[3] The term used by the Tenth Circuit in *Jones* is "highly personable." The source material cited by the Tenth Circuit, *Brock* and *Cunningham*, both reference torts involving a "highly personal violation."

[4] Although not raised by Defendant, even if not precluded under *Jones*, Plaintiff's claim for negligence is subject to dismissal because Oklahoma does not recognize a claim by an employee for negligent hiring, training, or supervision in the context of employment decisions. In *Poff v. Oklahoma ex rel. Oklahoma Dep't of Mental Health and Substance Abuse Servs.*, 683 Fed. Appx. 691 (10th Cir. 2017), the Tenth Circuit affirmed the district court's dismissal for failure to state a claim based upon allegations by the plaintiffs that "the Department failed to hire, train and supervise its leadership employees to ensure that they knew, understood, and enforced the law with regard to hiring, reviewing, disciplining and terminating employees for misconduct." *Id*. at 696

10

Plaintiff's claim for intentional infliction of emotional distress, however, is not subject to dismissal under *Jones*, as it falls within the scope of claims that are not precluded by the OADA, because a claim for intentional infliction of emotional distress is "'highly person[al]' in nature." *Jones*, 856 F.3d at 1292, citing *Brock*, 64 F.3d at 1423; *see also Cunningham*, 2015 WL 6442826, at *5 (citing cases separating allegations of intentional infliction of emotional distress from workplace discrimination).

Nevertheless, Defendant asserts Plaintiff's intentional infliction of emotional distress claim fails because the alleged conduct by Defendant does not rise to the level of extreme and outrageous. To state a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). The conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all

---

(citation omitted). The Tenth Circuit declined to recognize a negligence claim in the context of employment decisions and employment terminations. *Id*. at 696-97, citing *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1291 (10th Cir. 1998); *see also Delong v. Oklahoma ex rel. Oklahoma Dep't of Mental Health and Substance Abuse Servs.*, 2015 WL 1955382, at *2 (W.D. Okla., Apr. 29, 2015) (granting motion to dismiss and determining "that Oklahoma would not recognize a claim by an employee for negligent hiring or training of his supervisor because such a finding would improperly narrow the scope of Oklahoma's employment at-will doctrine.").

possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Roberts v. International Bus. Mach., Corp.*, 733 F.3d 1306, 1311 (10th Cir. 2013), quoting *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1378 (Okla. 1978). The trial court serves in a "gatekeeper role" and makes an initial determination of whether the alleged conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement [Second of Torts,] § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).

In Count Four of the Petition, Plaintiff adopts the factual allegations common to all her claims and sets forth the elements for intentional infliction of emotional distress. In her response to Defendant's Motion, Plaintiff contends the factual basis for her intentional infliction of emotional distress claim is the false accusation that she used a racial slur when referring to a customer, the false accusation resulted in her termination, and she suffered "actual emotional distress" as a result. (Petition at ¶ 15; Petition – Count Four at ¶ 17; Plaintiff's Response, p. 6).

The Court finds that Plaintiff's claim for intentional infliction of emotional distress should be dismissed. Although there is certainly not a blanket prohibition against claims of intentional infliction of emotional distress for workplace conduct

12

or discrimination in Oklahoma, "[Oklahoma] appellate courts have consistently found employment related facts . . . do not meet the § 46 criteria." *Gabler v. Holder & Smith, Inc.*, 11 P.3d 1269, 1280 (Okla. Civ. App. 2000). Plaintiff's allegations that she was falsely accused of using a racial slur when referring to a customer and terminated for that reason do not rise to the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.

In her response to Defendant's Motion, Plaintiff requests the Court stay its ruling on the Motion and allow her to cure any pleading defects through amendment. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." However, denial of amendment is appropriate, "if the amendment would be futile[.]" *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

In this case, the Court finds it has no basis to allow Plaintiff to amend the following claims: (1) a request for punitive damages, (2) a *Burk* claim, (3) a negligence claim, and (4) an intentional infliction of emotional distress claim. These claims all fail to overcome certain legal barriers, and they do not fail for a lack of sufficient facts to state a claim upon which relief can be granted. Amendment of the claims would be futile. However, the OADA retaliation claim is dismissed for failure to state a claim upon which relief can be granted, as it is supported by

13

insufficient or conclusory allegations.  It is therefore subject to amendment.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss (Docket Entry # 6) is hereby **GRANTED.**  If she desires to do so, Plaintiff shall file an Amended Complaint regarding her retaliation claim under the OADA by **JUNE 28, 2019**.

IT IS SO ORDERED this 20th day of June, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE