IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY BRANUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-281-KEW |
| | ) |
| ORSCHELN FARM AND HOME, LLC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry # 24). Defendant previously filed a partial motion to dismiss, which the Court granted on June 20, 2019, wherein the Court dismissed Plaintiff's claims for negligence, intentional infliction of emotional distress, and any *Burk* tort claim alleged by Plaintiff without leave for amendment. The Court also dismissed Plaintiff's retaliation claim alleged pursuant to the Oklahoma Anti-Discrimination Act ("OADA"), but granted Plaintiff leave to amend her complaint with regard to the claim. *See* Opinion & Order (Docket Entry # 22).[1]

---

[1] Plaintiff also alleged claims for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the OADA. Defendant did not seek dismissal of the claims in its partial motion to dismiss.

Plaintiff filed an Amended Complaint in the matter. In the Amended Complaint, Plaintiff alleges she is over 40 years of age and was a long-term employee of Defendant's Okmulgee store as a cashier when her employment was terminated on October 13, 2017. (Amended Complaint at ¶¶ 8-9, 14). Prior to her termination, Plaintiff alleges she "was routinely recognized by Defendant for her sound judgment and care with regard to Defendant's assets and enforcement of Defendant's policies." (Amended Complaint at ¶ 10). She contends the store had a significant theft problem involving "employees making improper returns to friends, family and co-workers." (Amended Complaint at ¶ 11). Plaintiff asserts that on September 22, 2017, the store manager utilized her store identification number and inappropriately issued a large refund to another employee without completing the appropriate documentation or applying the employee discount. Plaintiff contends the store manager had engaged in such conduct on more than this one occasion. Plaintiff made a report of theft to Defendant's loss prevention department. (Amended Complaint at ¶ 12).

Plaintiff alleges that shortly after reporting her store manager, he began retaliating "against [her] for engaging in protected activity by subjecting her [to] disparaging remarks and inventing reasons to put adverse notes in her personnel file within three (3) days of her report to Loss Prevention." (Amended Complaint at ¶ 13). She asserts that less than thirty days later,

2

her employment was terminated in retaliation for reporting the unlawful activity, although the reason given by the store manager for her termination was that she used "a racial slur when referring to a customer[,]" which Plaintiff contends is "false and defamatory." (Amended Complaint at ¶ 14). Plaintiff states that she "believes that [the store manager] fired her to retaliate against [her] for her lawful report of theft[,]" while also asserting that she "was . . . replaced by a younger employee, in violation of the law." (Amended Complaint at ¶ 15).

Based on these allegations, Plaintiff asserts claims against Defendant for: (1) discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and (2) age discrimination and retaliation in violation of the OADA.

Through its current motion, Defendant seeks dismissal of Plaintiff's claims alleged in the Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rule of Civil Procedure. Defendant asserts that Plaintiff's claims fail to meet the plausibility standard set forth by the United States Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under *Bell Atlantic*, the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6) is a "refined standard" for such motions. *Khalik v. United Airlines*,

3

671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). *Bell Atlantic* stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic*, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic*, 550 U.S. at 546.

The Court of Appeals for the Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Bell Atlantic* case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). *Khalik*, 671 F.3d at 1191. Rather, in *Khalik*, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of *Erickson v. Pardus*, 551 U.S. 89 (2007),

4

wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 93.

Defendant first challenges the sufficiency of Plaintiff's discrimination claims under the ADEA and the OADA. Defendant contends that Plaintiff fails to state plausible claims for discrimination in her Amended Complaint. Specifically, Defendant argues it is not enough that Plaintiff alleges she is in the protected class, *i.e.*, over 40, and she was replaced by a younger individual, and her age was a "motivating factor" in her termination. Defendant contends that to state a claim for age discrimination, Plaintiff must allege facts that show that her age was the "but-for" cause for Defendant's adverse employment action and not just a motivating factor. Defendant alleges that Plaintiff's age discrimination claims under the ADEA and the OADA are subject to dismissal under *Bell* and *Iqbal*.

Plaintiff contends that Defendant did not previously seek dismissal of her discrimination claims and stated in its partial motion to dismiss that Plaintiff's discrimination claims under the ADEA and the OADA were "viable" claims. She asserts that the discrimination claims alleged in the Amended Complaint are

5

identical to those she raised in her original Petition.[2] Plaintiff further argues that even if the Court entertains Defendant's motion regarding her discrimination claims, she has met her burden at the pleading stage, as she has alleged she is a member of the protected class (over 40), she suffered an adverse employment action (termination), and she has alleged facts which allow for an inference of age discrimination to be drawn, *i.e.*, age was a basis for her termination and she was replaced by a younger cashier, who was romantically involved with the individual who decided to terminate her employment.  Plaintiff maintains that for the same reasons, her OADA discrimination claim should not be dismissed. The Court will consider the standards of *Bell* and *Iqbal* with regard to Plaintiff's age discrimination claims.

The ADEA prohibits an employer from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such

---

[2] Although not explicitly raised by Plaintiff, Rule 12(g)(2) prohibits successive pre-answer motions when arguments made in the successive motion could have been raised in the original motion. Fed. R. Civ. P. 12(g)(2).  Under Rule 12(h)(2) a party typically can only raise successive Rule 12(b)(6) assertions in three ways:  a Rule 7(a) pleading, a Rule 12(c) motion for judgment on the pleadings, or at trial. However, district courts have relied upon the Tenth Circuit's decision in *Albers v. Board of County Comm'rs of Jefferson County*, 771 F.3d 697 (10th Cir. 2014), wherein the court determined that because a successive Rule 12(b)(6) motion to dismiss could be considered as a Rule 12(c) motion for judgment on the pleadings, any consideration of a successive Rule 12(b)(6) motion would be harmless. *Id*. at 703-07; *see also Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017).

individual's age."  29 U.S.C. § 623(a)(1). To state a prima facie case of age discrimination under the ADEA, a plaintiff must establish by a preponderance of the evidence that "[(1)] she is a member of a protected class, [(2)] she suffered an adverse employment action, and [(3)] the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Communications, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015).[3]  The success of Plaintiff's age discrimination claim under the OADA is contingent on the success of her ADEA claim. *See Taber v. City of Sand Springs, Okla.*, 2014 WL 241697, at *7 (N.D. Okla. Jan. 22, 2014 ("When a plaintiff fails to establish a prima facie claim under the ADEA, he fails to establish a claim of age discrimination under the OADA.") (citation omitted).

In *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177-78 (2009), the United States Supreme Court stated that a claim under the ADEA requires "but-for" causation, but the Tenth Circuit has not interpreted *Gross* to require that age be the "sole cause of the adverse employment action."  *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010). The Tenth Circuit has required that a plaintiff prove "but-for" causation for an employer to be liable under the ADEA, but it has not required that a

---

[3]   Although "the 12(b)(6) standard does not require that Plaintiff establish a *prima facie* case in her amended complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  *Khalik*, 671 F.3d at 1191, citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

7

plaintiff "'show that age [is] the sole motivating factor in the employment decision.'" *Id*. at 1277, quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010).  Instead, the court has required that "an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as "'age was the factor that made a difference.'"  *Id*.

The factual allegations in the Amended Complaint primarily address how Plaintiff was retaliated against after she reported her store manager was issuing improper refunds to Defendant's loss prevention department. Although the Amended Complaint includes allegations by Plaintiff that she was a member of a protected class based on age (over 40), she was terminated, and she was allegedly replaced by a younger individual, who she contends was a romantic interest of the store manager who fired her (Amended Complaint at ¶¶ 8, 14, 15, 3 (Count One)), the Amended Complaint lacks the factual support to show that Plaintiff's age was the "but-for" cause of her termination.  The Amended Complaint directly states that "Plaintiff believes Adcock fired her to retaliate against Plaintiff for her lawful report of theft."  Within Count One of the Amended Complaint, Plaintiff alleges that her age was "[a] motivating factor in the Defendant's adverse employment actions, including but not limited to termination[.]" (Amended Complaint (Count One) at ¶ 2).  Within Count Two of the Amended Complaint, Plaintiff alleges that Defendant discriminated against her on the

8

basis of age contrary to the OADA. (Amended Complaint (Count Two) at ¶¶ 5-6).

The facts as alleged by Plaintiff in the Amended Complaint do not demonstrate that "age was the factor that made a difference" in Defendant's employment decision. *See Jones*, 617 F.3d at 1277 (citation omitted); *see also Barone v. S&N Auerbach Mgmt., Inc.*, 645 Fed. Appx. 13, 14 (2d Cir. 2016)(considering a motion for judgment on the pleadings and finding that "while an ADEA plaintiff need not plead every element of a prima facie case to survive a motion to dismiss (or for judgment on the pleadings), the plaintiff must allege facts to plausibly suggest that (1) his employer took an adverse action against him and (2) age was the "but for" cause of that adverse action.")(citation omitted). Moreover, Plaintiff's allegations as pleaded in the Amended Complaint fail to allege any nexus between her age and the alleged adverse action taken against her by Defendant. Thus, as currently pleaded, Plaintiff's Amended Complaint fails to allege sufficient facts to plausibly state an age discrimination claim under the ADEA or the OADA.

Defendant next asserts that even after being granted leave to amend her retaliation claim under the OADA, Plaintiff's claim still fails to state a claim because she has failed to allege conduct that is protected under the OADA. Plaintiff argues she engaged in protected activity by reporting theft by her store manager to Defendant's loss prevention department, which was followed by her

9

being retaliated against and terminated from her position as cashier by the store manager. She continues to cite case law suggesting she is pursuing a *Burk* tort claim against Defendant.

In its previous order addressing Plaintiff's retaliation claim, the Court determined that to the extent Plaintiff was attempting to allege a *Burk* tort claim based upon allegations of retaliation in the employment setting, the claim was precluded, as the OADA provides the exclusive remedy for such a claim. *See* Opinion and Order, pp. 11-12 (Docket Entry # 22), citing *Bennett*, 792 F.3d at 1269 (addressing plaintiff's *Burk* tort claim based upon constructive discharge in violation of Title VII and the public policy of Oklahoma and affirming the district court's decision "to the extent [the plaintiff's] claim is based on a violation of Oklahoma public policy, such claims are no longer viable[,]" because they are precluded by the OADA); *Cotner v. Ezzell*, 2013 WL 6222979, at *1 (E.D. Okla., Nov. 27, 2013) (dismissing *Burk* claim based upon retaliation and holding "[w]hat was formerly a '*Burk* claim' (of any type) must now be brought pursuant to the OADA."); *Maxey v. Ezzell*, 2013 WL 6850792, at *2 (E.D. Okla., Dec. 30, 2013)(same); *see also Peters v. Black Tie Value Parking Servs., Inc.*, 2013 WL 149773, at * 3-4 (W.D. Okla., Jan. 14, 2013) (finding plaintiff "cannot pursue a *Burk* claim" and "she is limited to a statutory claim governed by the OADA, as amended").

The legal analysis for a retaliation claim under the OADA is the same as the analysis for a retaliation claim under the ADEA or Title VII. *See Tilghman v. Kirby*, 662 Fed. Appx. 598, 603 (10th Cir. 2016); *Wood v. Midwest Performance Pack, Inc.*, 2018 WL 1440980, at *3 (W.D. Okla., Mar. 22, 2018), citing *LeFlore v. Flint Indus., Inc.*, 1999 WL 89281, at *3 n.4 (10th Cir., Feb. 23, 1999); *see also Bennett*, 792 F.3d at 1269(noting OADA claim is coextensive with Title VII or ADEA claim). To state a prima facia case of retaliation, a plaintiff must show that "(1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008). To qualify as protected opposition, "the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA." *Id*. at 1203.

Count II of the Amended Complaint alleges Plaintiff was retaliated against because she was written up and ultimately terminated for a fictitious reason after reporting the store manager's criminal activity of theft to Defendant's loss prevention department. Plaintiff alleges the protected activity is her report of the illegal conduct. (Amended Complaint (Count II) at ¶¶ 7-10). However, Plaintiff's amended allegations do not

11

state a plausible claim of retaliation under the OADA. The allegations in the Amended Complaint for retaliation solely address Plaintiff's report of theft by the store manager to Defendant. Her allegations in no way show that her alleged protected opposition was to any activity that is protected under the OADA. *See* Okla. Stat. tit. 25, § 1350 (B) (discussing standing and the timing of the filing of a charge of discrimination "to allege discrimination arising from an employment-related matter, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation[.]"); *see also Hinds*, 523 F.3d at 1203 ("Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the ADEA.").

In her response to Defendant's Motion, Plaintiff again requests the Court stay its ruling and allow her the opportunity to cure any pleading defects through amendment. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." "[D]istrict [c]ourts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the

12

amendment, [or] futility of [the] amendment.'"  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Court has already allowed for Plaintiff to amend her retaliation claim, and the Amended Complaint fails to allege any protected activity under the OADA.  Plaintiff has specifically alleged that she endured retaliation because of her report of theft, not because of any practice made unlawful under the OADA.  However, she has failed to proffer any additional facts that suggest she can cure the deficiency even if another amendment is allowed.  The Court finds that Plaintiff's request to amend her retaliation claim under the OADA is denied, and the claim is therefore dismissed under Rule 12(b)(6).

Nevertheless, Plaintiff has not been allowed the opportunity to amend her discrimination claims under the ADEA or the OADA, as Defendant did not seek their dismissal in its initial motion.  Although Plaintiff has not alleged a plausible claim of age discrimination under the ADEA or the OADA, at this time, the Court cannot find that an amendment of the claims by Plaintiff would be futile.  Plaintiff's discrimination claims under the ADEA and the OADA are therefore subject to amendment.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry # 24) is hereby **GRANTED.**  If she desires to do so, Plaintiff shall file a Second

13

Amended Complaint regarding her discrimination claims under the ADEA and the OADA by **APRIL 28, 2020**.

IT IS SO ORDERED this 20th day of April, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE